JUNKERMANN v. TILYOU REALTY CO. et al.

(Supreme Court, Appellate Division, Second Department.   December 31, 1913.)

LANDLORD AND TENANT (§ 167*)—INJURIES FROM DANGEROUS OR DEFECTIVE
    CONDITION—LIABILITY.

Where a lessee of premises in subletting them made due provision for such repairs as would make them fit for use by the public, and his sublessees used due initial care to put the premises in reasonably safe condition, he was not liable for injuries thereafter sustained as the result of a hidden but probably increasing defect.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 668–674, 676–679;   Dec. Dig. § 167.*]

Appeal from Trial Term, Queens County.

Action by William Junkermann, an infant, etc., against the Tilyou Realty Company and others.   From a judgment for plaintiff and an order denying a motion for a new trial, defendants Samuel Jankelson and another appeal.   Reversed, and complaint dismissed in part and affirmed in part.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Hugo Hirsh, of Brooklyn, for appellant Samuel Jankelson.

Horace London, of New York City, for appellant Jankelson Realty Co.

Henry M. Dater, of Brooklyn (George F. Elliott and Jay S. Jones, both of Brooklyn, on the brief), for respondent.

THOMAS, J.   Jankelson received a lease of the premises in January, 1911, and sublet them in the following April, during which time it was not the season to use them.   In demising them he made due provision for such repairs as would make them fit for use by the public, and the evidence preponderatingly shows that the assignees of the lease did use due initial care to put them in reasonably safe condition.   Hence the lessor is protected by the prudence of the tenant, on which he relied.   Although the Jankelson Realty Company primarily used proper care, it may be that the jury could infer that there was negligence during the summer of 1911 in failing to discover the alleged hidden but probably increasing weakness of the broken girder or spile, or both, while the same was under the burden of the people using the walk.   It would seem that some precursory indications of weakness would appear before the collapse of the walk came.

The judgment and order should be reversed, and the complaint dismissed as to Samuel Jankelson, without costs, and affirmed as to the Jankelson Realty Company, with costs.   All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes