CONNELL v. JANKELSON et al.

(Supreme Court, Appellate Division, Second Department.   July 31, 1914.)

LANDLORD AND TENANT (§ 167*)—INJURIES FROM DEFECTIVE CONDITIONS—LIA-
BILITY.

Where a board sidewalk, in use by the public, on leased premises, had
defects in the supporting timbers, not concealed, but discoverable, and
open to observers on the shore of the beach beneath, the lessee not re-
pairing it or taking proper steps to avoid the danger, before reletting,
was liable to a third person injured by its subsequent collapse therefrom.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
668–674, 676–679;  Dec. Dig. § 167.*]

Appeal from Trial Term, Queens County.

Action by Margaret Connell against Samuel Jankelson and the Jan-
kelson Realty Company, impleaded with another.   From a judgment
for plaintiff, and from an order denying a motion for new trial, said
defendants appeal.   Affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUT-
NAM, JJ.

Hugo Hirsh, of Brooklyn, for appellant Jankelson.

Horace London, of New York City, for appellant Jankelson Real-
ty Co.

Henry M. Dater, of Brooklyn (Jay S. Jones and Edward J. Fan-
ning, both of Brooklyn, on the brief), for respondent.

PER CURIAM.   By the collapse of the raised board walk at
Steeplechase Park, Rockaway Beach, on August 19, 1911, several per-
sons were cast down upon the ground beneath.

On the proof in Junkermann v. Tilyou Realty Co., 160 App. Div.
892, 145 N. Y. Supp. 29, another suit arising from the same accident,
Mr. Jankelson (the lessee under a long lease, but out of possession when
the board walk fell) was held not liable.   A recovery was, however,
sustained against the sublessee in possession, the Jankelson Realty
Company.   The present case, tried before the disposition of that ap-
peal, presents new testimony on both sides.

After this verdict for plaintiff, it must be taken as true that an in-
spection of the girders and upright piles, on April 22, 1911, when Mr.
Jankelson leased out the premises, would have shown a decayed and
dangerous condition.   In this record, plaintiff's case is fortified by tes-
timony from the witnesses Cleven and Wheelwright, not before called.

Mr. Cleven, a carpenter, observed at the break a decayed condition
which was existing and discoverable a year or 18 months before this
casualty.   It was of the brown color of rotten wood.   He was of opin-
ion that this decay set in from the outside, and was not latent, inter-
nal dry rot.   The witness Wheelwright also testified in substance that
the spile which broke, and the girder which capped the spile and came
down with it, were similarly decayed from without.

Beside the probability that such rotten state of the timbers in August
existed in the previous April, as an inference, there was affirmative

proof of actual observation of this decayed condition while in the possession of Mr. Jankelson. In March Mr. Wheelwright had noticed this decayed spile, also in January and in March had observed a girder at this place so decayed that it had been reversed in order to hold nails driven into the top of it. And the latter part of March was the time that Brockelman was working on this board walk in the employ of Mr. Jankelson.

During fine days in the winter and spring, people walked along this board walk, and upon pleasant Sundays 20 or 30 persons might thus be seen at one time. Hence, upon these proofs, it cannot be said that this board walk was not in use by the public—a use which imposed corresponding duties on the occupant, Jankelson.

Mr. Jankelson was engaged in partially performing this duty by having Brockelman, his employé, upon this board walk putting it in repair. The proofs now show that the defects in the supporting timbers were not concealed, but were discoverable, and indeed open to observers on the shore beneath. The defendant Jankelson, therefore, came within the rule that if this dangerous condition was known to the lessor, or should have been known, he was bound to repair, or take some proper steps to avoid the danger before reletting. Timlin v. Standard Oil Co., 126 N. Y. 514, 27 N. E. 786, 22 Am. St. Rep. 845; Lusk v. Peck, 132 App. Div. 426, 116 N. Y. Supp. 1051; Nelson v. Liverpool Brewing Co., L. R. 2 C. P. Div. 311; Swords v. Edgar, 59 N. Y. 28, 17 Am. Rep. 295.

The verdict of $2,000, while perhaps large, is not, in the circumstances, excessive.

The judgment and order appealed from are affirmed, with costs.