JOHNS v. ELLIS. (Supreme Court, Appellate Division, First Department. June 11, 1915.) Action by Henry W. Johns against George A. Ellis. No opinion. Motion to dismiss appeal granted, without costs. Order filed.

JOHNS, Respondent, v. WILBUR et al., Appellants. (Supreme Court, Appellate Division, Third Department. May 28, 1915.) Action by Thomas E. Johns, doing business under the firm name and style of the Harmony Talking Machine Company against Edna Wilbur and A. Wilbur, doing business as copartners under the firm name and style of E. & A. Wilbur. No opinion. Judgment unanimously affirmed, with costs.

JUNKERMANN v. TILYOU REALTY CO. (Supreme Court, Appellate Division, Second Department. May 7, 1915.) Action by William Junkermann, an infant, etc., against the Tilyou Realty Company, in which Samuel Jankelson and the Jankelson Realty Company appeal.

PER CURIAM. The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: Judgment and order unanimously affirmed on reargument, on the law and the facts, with costs. See, also, 160 App. Div. 892, 145 N. Y. Supp. 29.

KAMMAN, Respondent, v. KAMMAN, Appellant (two cases). (Supreme Court, Appellate Division, Fourth Department. May 5, 1915.) Actions by Cora A. Kamman against John H. Kamman. No opinion. Motions for leave to appeal (152 N. Y. Supp. 579, 581) to Court of Appeals denied, without costs. See, also, 153 N. Y. Supp. 1122.

KAMMAN, Respondent, v. KAMMAN, Appellant (two cases). (Supreme Court, Appellate Division, Fourth Department. May 12, 1915.) Action by Cora A. Kamman against John H. Kamman. No opinion. Appeals (152 N. Y. Supp. 579, 581) dismissed, without costs, upon stipulation filed. See, also, 153 N. Y. Supp. 1122.

KAPLAN, Appellant, v. CONEY ISLAND & B. R. Co., Respondent. (Supreme Court, Appellate Division, Second Department. May 7, 1915.) Action by Rosie Kaplan against the Coney Island & Brooklyn Railroad Company. No opinion. Judgment and order reversed, and new trial granted, costs to abide the event, on account of error in the charge, to which exception was taken, at folios 194, 195.

KATZNER, Respondent, v. WIENER et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 11, 1915.) Action by Annie Katzner against Samuel Wiener and another.

PER CURIAM. The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: Judgment affirmed, with costs.

KAVANAUGH, Appellant, v. COMMONWEALTH TRUST CO. OF NEW YORK et al., Respondents. (Supreme Court, Appellate Division, Third Department. May 28, 1915.) Action by Charles H. Kavanaugh, who sues in behalf of himself and all other stockholders of the Commonwealth Trust Company of New York (formerly the Trust Company of the Republic), who are situated similarly with himself, against the Commonwealth Trust Company of New York and others.

PER CURIAM. Judgment affirmed, with costs.

KELLOGG, J., dissents.

KELSO & CO. v. ELLIS et al. (Supreme Court, Appellate Division, First Department. June 11, 1915.) Action by Kelso & Co. against Charles H. Ellis and another. No opinion. Motion granted, and time within which to file and serve printed papers on appeal extended for 30 days from June 4, 1915, on condition that no other extension be applied for and that said papers be filed within the time now allowed. Settle order on notice.

In re KELLY. (Supreme Court, Appellate Division, Second Department. June 4, 1915.) In the matter of the petition for the discovery of property withheld from Frank V. Kelly, Public Administrator of Kings County, as administrator of Margaret Kable, deceased. No opinion. Decree of the Surrogate's Court of Kings County reversed, with costs, and new hearing or trial ordered in said court, upon the ground that the evidence was insufficient to warrant the finding or decision that the alleged gift had been made.

In re KINGS COUNTY TRUST CO. (Supreme Court, Appellate Division, Second Department. June 17, 1915.) In the matter of the judicial settlement of the account of the Kings County Trust Company, as executor and trustee of Mary Elizabeth Lewis, deceased.

PER CURIAM. While the services rendered by the able and distinguished counsel for accountant were valuable, we think that the allowance of $47,600 was in excess of the real value of such services, and it is not approved. The objection to the allowance of that sum is sustained. It is our opinion that the sum of $30,000 is ample and sufficient compensation. The decree of the Surrogate's Court of Kings County (86 Misc. Rep. 176, 149 N. Y. Supp. 124) is modified, so as to allow $30,000, instead of $47,600, and, as modified, affirmed, without costs. The proceeding is remitted to said court